### THE BESSIE WHITING.[1]

### WILSON v. THE BESSIE WHITING.

*(District Court, E. D. New York. April 25, 1888.)*

SALVAGE — FROM FIRE — SPEEDINESS OF SERVICE — COMPARISON WITH OTHER AWARD.

> The schooner W. was lying at a wharf in Williamsburgh when fire broke out in oil-works in the vicinity. The mate of the schooner applied for assistance to a tug, which went first to the aid of the schooner J., lying near by, and afterwards returned and took the W. into the stream. This court heretofore awarded the tug $200 for her services to the J. 30 Fed. Rep. 204. The value of the W. was less than that of the J. The latter had a cargo of oil on board, which increased her peril. The time devoted by the tug to the W. was scarcely one-fourth as much as that given to the J., and the service was rendered less speedily in this case, and after the danger had somewhat decreased. *Held,* that $25 was a proper award for the service rendered the W.

In Admiralty.
*Alexander & Ash,* for libelant.

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

*Wing, Shoudy & Putnam*, for claimants.

BENEDICT, J. This is an action to recover salvage compensation for services rendered the schooner Bessie Whiting, on the 21st day of December, 1884. On the morning of that day a serious fire broke out at Pratt's Oil-Works, Williamsburgh, in which several oil-tanks exploded, and burning oil was scattered over the adjacent waters. At this time the schooner Bessie Whiting lay fast to the south side of the pier at the foot of North Eleventh street. She was in charge of her mate, and the lines by which she was fast to the pier were stiff and frozen. The fire involved danger to the shipping in that locality, and all vessels in the neighborhood set signals for assistance to get into the stream. The steam-tug John H. Wilson, Jr., owned by the libelant, was applied to by the mate of the schooner Bessie Whiting, to tow the schooner away from the pier. The tug went first to the assistance of the Jeanie, then fast to the opposite pier. After towing the Jeanie to a place of safety, the tug returned to the Bessie Whiting, and at the request of the mate two of the tug's crew went on board and cast off her lines from the pier, for which service the mate agreed to give the men five dollars each. The tug took her out into the stream, and left her at anchor. The service involved no risk to the tug, no extraordinary exertion, and occupied but a short time. For the services rendered by this tug to the Jeanie on the occasion in question this court gave $200 as a salvage compensation, (30 Fed. Rep. 204,) and the libelant here insists that the like sum would be proper compensation for the services rendered to the Bessie Whiting. The claimant, on the other hand, considers that $25 would be enough. The difference between this case and the case of the Jeanie is considerable. The value of the property saved in this case was less than in the case of the Jeanie. The Jeanie had a cargo of oil on board, which increased her peril. The time devoted to the Bessie Whiting was scarcely one-fourth as much as that devoted to the Jeanie. The service rendered to the Jeanie was rendered promptly. The service rendered to the Bessie Whiting was not so promptly rendered, the tug having thought wise to relieve the Jeanie before going to the Bessie Whiting. When she returned to the Bessie Whiting the apprehension of danger from the fire had decreased, still the situation was such as to justify the mate in desiring to be towed out. I think $25 will be a proper compensation to be paid for the services in the libel mentioned. Let the libelant have a decree for $25 and costs.