### THE WILLIAM P. HOOD.

(District Court, D. Rhode Island. March 29, 1902.)

#### No. 1,083.

SALVAGE—AMOUNT OF AWARD.
  Libelant's tug towed a schooner from a pier, near which coal pockets were burning, out into the stream. The service occupied but a few minutes, and was attended with no danger. There was evidence tending to show that the schooner was not in serious peril, and, having an engine, could have moved out by her own power. *Held*, that while the service was a salvage service, and the tug was entitled to better pay than for mere towage, an award of $50 was sufficient compensation.[1]

In Admiralty. Suit to recover for salvage services.

Matteson & Healy, for libelant.

Dexter B. Potter, for claimant.

BROWN, District Judge. This libel is for salvage services of the tug Carrie A. Ramsey to the three-masted schooner William P. Hood, in towing her into the stream from the Wilkesbarre pier, and from the vicinity of burning coal pockets, on the morning of December 18, 1900. The service occupied probably not more than 10 or 15 minutes, and was without the slightest risk, or even discomfort. The tug and her crew did nothing more meritorious or perilous than in the ordinary course of work in moving a schooner from the dock to the stream. The only question is as to the peril of the Hood, and whether, but for the assistance of the Ramsey, she would have been seriously damaged. I am of the opinion that the libelant has failed to show by a preponderance of evidence that the Hood was in serious peril, which was averted by the Ramsey. Had she remained where she was, the Hood would have been seriously damaged; but the claimant produced seven witnesses (two from the Hood, and five from the Alice Maude, which lay near the Hood, on the same side of the dock) who swore positively that the Hood, which was provided with an engine, moved under her own power. This evidence

[1] Salvage awards in federal courts, see note to 30 C. C. A. 280.

I cannot disregard, though there is direct evidence, with some cir-cumstances, to the contrary. The master and crew of the Alice Maude had the better opportunity for observation, and some of them testified not only that the Hood moved, but that they assisted in moving her by shifting her lines. If the Hood moved once, she could move again, and escape the fire. The Alice Maude, however, was between her and the end of the dock; and, while it probably was not absolutely necessary for the Hood to get out into the stream, that it was the judgment of the mate in charge that she should be towed out is evident from his request to the master of the tug. Though he testifies that he thought it was simply a case of ordinary towage, I think the present case is of the general class of cases represented by The Carondelet (D. C.) 36 Fed. 714, wherein $50 was allowed, and The Bessie Whiting (D. C.) 35 Fed. 79, wherein $25 was allowed. While services of this character are entitled to better pay than ordinary towage, double or treble towage would ordinarily be sufficient, and extravagant claims for salvage in cases of this character should be discouraged.

I am of the opinion that the sum of $50 is a liberal compensation in this case, upon the view which must be taken as to the preponderance of proof. However, as there was reasonable ground for the contention that the Hood had not moved, and was unable to move, and as no tender appears to have been made, I think the libelant is entitled to its costs. A decree may be presented accordingly.